By the Court.
 

 There is an entire failure of proof showing any liability on the part of the
 
 *36
 
 railroad company, the defendant below. We are not even advised by the record whether the carrier had facilities for lake and export shipment at Sandusky, although the fact seems to be assumed in the argument of counsel. Even if it had such facilities, this would not be consequential, since the shipment was made to the destination (Toledo), and to the consignee (the Yalley C'oal Company), designated by the consignor in the bill of lading. Furthermore, since Toledo is a lake port, the; railroad company’s agent may have in good faith believed that the lake shipment was in fact to be from that port. The railroad company would not have been justified, under the bill of lading, in forwarding the car to any other destination than Toledo ; that was the destination designated by the consignor. After its arrival in Toledo the car came under the control of the consignee, who had the right to and did reconsign the shipment to Sandusky. The conceded facts warranted the collection "by the railroad company from the consignee of the freight and demurrage charges.
 

 Under the facts disclosed, we are not called upon to decide whether jurisdiction of the subject-matter rested in the
 
 nisi prius
 
 court or in the Interstate Commerce Commission. The judgments of the common pleas court and the Court of Appeals are reversed, and judgment rendered in favor of the plaintiff in error.
 

 Judgments
 
 reversed.
 

 Marshall, C. J., Jones, Matthias, Day and Kinkade, JJ., concur.